**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01360-WYD–KMT

Mary Zinn-Hoshijo,

    Plaintiff,

v.

Committee for Catholic Secondary Education in Colorado Springs,
A Colorado nonprofit corporation d/b/a St. Mary's High School,

    Defendant.

---

## PROTECTIVE ORDER

Plaintiff Mary Zinn-Hoshijo ("Plaintiff") and Defendant Committee for Catholic Secondary Education in Colorado Springs d/b/a St. Mary's ("Defendant") (collectively, the "Parties"), believe that certain information that may be sought in discovery in this litigation constitutes confidential information. To protect the confidentiality of this information, the provisions of this Protective Order shall apply.

IT IS HEREBY ORDERED THAT:

    1.    "Confidential Information" is any information, documents, testimony, or other discovery materials that contains, reflects, or reveals information that the designating Party believes in good faith is confidential, proprietary, commercially valuable, competitively sensitive, or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7). Any information to be designated by a Party as "Confidential Information" must first be reviewed by a lawyer and be determined to be subject to protection under

Fed. R. Civ. P. 26(c)(7) or other federal or state confidentiality protection before being marked "Confidential Information." Such confidential information may include, but is not limited to, medical records, non-public business information, personnel information, financial statements, or technical information.

2. Any Party may designate as "Confidential" any "Confidential Information" that the producing Party reasonably believes might, if disclosed have a serious or adverse effect on the producing Party.

3. Information designated "Confidential Information" may be disclosed only to the following persons:

   a. The Court and its officers, any court reporters who transcribe testimony at hearings, trial, or depositions, and any trial jurors;

   b. Outside counsel of record for the Parties and their employees assisting with this litigation;

   c. Any in-house counsel for the Parties who has responsibility for this litigation;

   d. Plaintiff and one designated representative of St Mary's High School who provides direct assistance to outside counsel of record or who makes strategic decisions concerning this litigation;

   e. Third-party consultants or experts retained by outside counsel of record pursuant to the procedure set forth in Paragraph 6;

   f. Anticipated witnesses at deposition or trial who were involved in creating the Confidential Information or who received or reviewed

        the Confidential Information in the course of their employment;

   g.   Such representatives of The Hartford Insurance Company as are necessary to evaluate Plaintiff's claims for the purposes of defense strategy and/or settlement; and

   h.   Any other person entitled to receive the Confidential Information by Court order or by written stipulation of the parties.

Prior to receiving any Confidential Information, any person within sub-part (d), (e), (f), (g) or (h) must be provided a copy of this Stipulated Protective Order and agree to be bound by its terms by executing a copy of an agreement to that effect substantially in the form of Exhibit A. Counsel obtaining such agreements shall retain them and make them available to the other Party upon request.

   4.   Information designated "Confidential" may be disclosed only to the persons listed in sub-parts (a) through (h) of Paragraph 3.

   5.   A receiving Party or any person who has agreed to be bound by the Stipulated Protective Order shall maintain all information designated Confidential Information in confidence, and shall use such information solely for purposes of this litigation or any appeals therefrom. Confidential Information shall not be disclosed or revealed to anyone not authorized by this Stipulated Protective Order to receive such material.

   6.   To designate a document or object as Confidential Information the designating Party shall affix a label or electronic mark upon the document or object that reads "Confidential Information." A Party may correct an inadvertent omission of such a

label within thirty (30) days of production by notifying the receiving Party in writing and providing a substitute copy of the document or object.

7. To designate testimony as Confidential Information the designating Party may make a statement on the record at any time during the deposition or testimony. In addition, even in the absence of a statement on the record, any deposition testimony concerning a document designated Confidential Information shall be deemed Confidential Information. The court reporter shall separately transcribe any portion of a deposition or testimony so designated and shall mark each such page of the transcript with the word "CONFIDENTIAL." A Party may also make such a designation within twenty-one (21) days of receiving a copy of the transcript of such testimony, by stating in writing the pages and line numbers of Confidential Information. The receiving Party will maintain a copy of such designation together with each copy of the transcript. During the interim twenty-one-day period after receipt of a transcript, the Parties will treat all transcripts as confidential.

8. If a Party includes Confidential Information with the Court, it shall be filed under seal in the manner provided for in D.C.COLO. L Civ. R. 7.2 and 7.3.

9. Any other person joined in this action via counterclaim, cross-claim, or third party claim shall become a "Party" within the meaning of this Protective Order.

10. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received,

it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order.  In connection with a motion filed under this provision, the Party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

11. A receiving Party is not prohibited from disclosing or using any otherwise Confidential Information if that information:

    a. Constitutes or becomes public knowledge;

    b. Was acquired by the receiving party from a third party having the right to disclose such information; or

12. Nothing in this Stipulated Protective Order is intended to or shall be deemed to restrict or limit a Party's use or disclosure of its own Confidential Information.

13. Outside counsel of record and each individual who executes Exhibit A shall ensure that all materials designated Confidential Information are maintained in such a manner as to prevent disclosure except in accordance with the terms of this Stipulated Protective Order.

14. Within thirty (30) days after the conclusion of trial and appeal or any other termination of this litigation, all Confidential Information shall be returned to the designating Party or destroyed.

15. In the event a person bound by this Protective Order is subpoenaed or served with legal process by a third party to produce or otherwise disclose another Party's Confidential Information, that person shall give prompt written notice to the designating Party.

16. The terms of this Stipulated Protective Order shall survive the final disposition of this litigation. The Court shall retain jurisdiction to construe, enforce, or amend the provisions of this Stipulated Protective Order.

17. This Stipulated Protective Order may be modified in writing by Court order or by agreement of the Parties. The Parties are entitled to seek modification of this Stipulated Protective Order by motion.

IT IS SO ORDERED this 16th day of December, 2011.

_____
United States Magistrate Judge

| | |
|---|---|
| CORNISH AND DELL'OLIO | LASATER & MARTIN, P.C. |
| By_____ | By_____ |
| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |

Donna Dell'Olio
Cornish & Dell'Olio
431 N. Cascade Ave., Ste. 1
Colorado Springs, CO 80903
Tel: 719-475-1204
Fax: 719-475-1264
Email:
ddellolio@cornishandddellolio.com

**Attorney for Plaintiff**

J. Scott Lasater
Nicole J. Ruth
Lasater & Martin, P.C.
8822 S. Ridgeline Blvd., Suite 405
Highlands Ranch, CO  80129
P: 303.730.3900
F: 303.730.3939
Scott@lasaterandmartin.com
Nicole@lasaterandmartin.com

**Attorneys for Defendant**

**EXHIBIT A**
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-02179-WYD-KMT

MARY ZINN-HOSHIJO,

    Plaintiff,

v.

COMMITTEE FOR CATHOLIC SECONDARY
EDUCATION IN COLORADO SPRINGS, A
COLORADO NONPROFIT CORPORATION D/B/A
ST. MARY'S HIGH SCHOOL,

    Defendant.

**AGREEMENT TO TERMS OF PROTECTIVE ORDER**

I, _____, having reviewed this Stipulated Protective Order entered by the Court, agree to be bound by its terms and to submit to the jurisdiction of the Court for purposes of enforcing this Order.

Dated: _____

_____