IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01360–WYD–KMT

MARY ZINN-HOSHIJO,

        Plaintiff,

v.

COMMITTEE FOR CATHOLIC SECONDARY EDUCATION IN COLORADO SPRINGS, a
Colorado nonprofit corporation d/b/a ST. MARY'S HIGH SCHOOL,

        Defendant.

_____

## ORDER

_____

        This matter is before the court on Plaintiff's "Motion to Amend Complaint."  (Doc. No.

37, filed Jan. 23, 2012 [Mot. Am.].)  The court also considers Plaintiff's "Motion to Modify

Scheduling Order for Good Cause" herein.  (Doc. No. 38, filed Jan. 23, 2012 [Mot. Modify]).

After the court ordered expedited briefing (*see* Doc. No. 43), "Defendant's Response to

Plaintiff's Motion to Amend the Complaint" (Doc. No. 47-1 [Resp. Mot. Am.]) and

"Defendant's Response to Plaintiff's Motion to Modify Scheduling Order" (Doc. No. 47-4

[Resp. Mot. Modify]) were both filed on February 3, 2012.  Plaintiff's "Reply in Support of

Motion to Amend Complaint" (Doc. No. 53 [Reply Mot. Am.]) and "Reply in Support of Motion

to Modify Scheduling Order (Doc. No. 52 [Reply Mot. Modify]) were filed on February 10,

2012.[1]  For the following reasons, the court orders that Plaintiff's Motion to Amend is granted in

part, and orders that Plaintiff's Motion to Modify the Scheduling Order is granted.

In her Motion to Amend, Plaintiff seeks to amend her Complaint (Doc. No. 1, filed May

23, 2011) to add a claim pursuant to the Equal Pay Act, 29 U.S.C. § 206(a).  (Mot. Am. at 1.)

Plaintiff concedes, as she must, that the September 19, 2011 deadline for amending the pleadings

has passed.  (*See id.* at 2; *see also* Scheduling Order at 7, Doc. No. 15, filed Aug. 15, 2011.)

## LEGAL STANDARD

Because Plaintiff filed her motion after the deadline for amending the pleadings, the court

employs a two-step analysis,[2] first determining whether Plaintiff has shown good cause to

modify the scheduling order under Federal Rule of Civil Procedure 16(b), then evaluating

---

[1] The court granted the parties leave to file a large portion of the briefing on Plaintiff's Motion to Amend and Motion to Modify the Scheduling Order under restriction.  (*See* Doc. No. 46, filed Jan. 31, 2012; Doc. No. 60, filed Feb. 13, 2012, & Doc. No. 62, filed Feb. 17, 2012.) Accordingly, the court limits its discussion in this Order to preserve the concerns that justified restricting access to these documents.

[2] It is the practice in this District to utilize this two-step analysis, notwithstanding the fact that the Tenth Circuit "has not yet decided whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' under Rule 16(b) in addition to the Rule 15(a) requirement."  *Strope v. Collins,* 315 F. App'x 57, 62 n. 4 (10th Cir. 2009) (internal quotation omitted); *cf. Bylin v. Billings,* 568 F.3d 1224, 1231 n.9 (10th Cir. 2009) (acknowledging that "[m]ost circuits have held that when a party amends a pleading after a deadline set by a scheduling order, Rule 16 and its 'good cause' standard are implicated.") (collecting cases); *Minter v. Prim Equip. Co.,* 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (citing *SIL-FLO, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1518-19 (10th Cir. 1990)) (explaining that the Tenth Circuit "adopted a similar interpretation of Rule 16(b)'s 'good cause' requirement in the context of counterclaims asserted after the scheduling order deadline, but has not yet done so in the context of an amendment to the complaint").

2

whether Plaintiff has satisfied the standard for amendment of pleadings under Federal Rule of

Civil Procedure 15(a).  This Court has said that

> Rule 16(b)'s "good cause" standard is much different than the more lenient
> standard contained in Rule 15(a).  Rule 16(b) does not focus on the bad faith of
> the movant, or the prejudice to the opposing party.  Rather, it focuses on the
> diligence of the party seeking leave to modify the scheduling order to permit the
> proposed amendment.  Properly construed, "good cause" means that the
> scheduling deadlines cannot be met despite a party's diligent efforts.  In other
> words, this court may "modify the schedule on a showing of good cause if [the
> deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (citations omitted).

Once Plaintiff has shown good cause for modifying the scheduling order, she must also

satisfy the requirements of Rule 15(a) for amending the pleadings.  Under Rule 15(a), a court

should allow a party to amend its pleadings "when justice so requires."  Fed. R. Civ. P. 15(a).

The grant or denial of an opportunity to amend is within the discretion of the court, but "outright

refusal to grant the leave without any justifying reason appearing for the denial is not an exercise

of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal

Rules."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Refusing leave to amend is generally only

justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or

dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of

amendment."  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  Notably,

> The Federal Rules reject the approach that pleading is a game of skill in which
> one misstep by counsel may be decisive to the outcome and accept the principle
> that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

## ANALYSIS

### I.    MOTION TO AMEND

#### A.    Good Cause Pursuant to Rule 16(b)(4)

Defendant does not appear to argue that Plaintiff has not shown good cause to amend the

Scheduling Order.  (*See* Resp. at 5-6.)  In any event, the court finds that Plaintiff has

demonstrated good cause consistent with Fed. R. Civ. P. 16(b)(4).  More specifically, Plaintiff

maintains that she did not learn of the facts giving rise to her proposed Equal Pay Act claim

(hereinafter "EPA claim") until Defendant produced the personnel file of Gustavo Nader, a male

Spanish language teacher employed by Defendant, on January 20, 2012.  (Mot. Am. at 5-6.)

That personnel file, as well as the personnel files of three other female Spanish language

teachers, allegedly demonstrates a pay disparity that gives rise to Plaintiff's proposed EPA

claim.  (*Id.*)  "The fact that a party first learns, through discovery or disclosures, information

necessary for the assertion of a claim after the deadline to amend established in the scheduling

order has expired constitutes good cause to extend that deadline."  *Pumpco, Inc. v. Schenker*

*Int'l, Inc.,* 204 F.R.D. 667, 668-69 (D. Colo. 2001).

Defendant does not argue that Plaintiff learned of the facts giving rise to her proposed

Equal Pay Act claim at any time before January 20, 2012.  Accordingly, the court finds that

Plaintiff has established good cause to modify the Scheduling Order.

#### B.    Futility

Defendant maintains that Plaintiff's Motion to Amend should be denied because

Plaintiff's proposed amendment is futile.  (*See* Resp. Mot. Am.)  Defendant first argues

Plaintiff's proposed EPA claim is barred under the applicable statute of limitations to the extent that the factual circumstances giving rise thereto occurred more than three years prior to the date Plaintiff's Motion to Amend was filed.  (*Id.* at 6-8.)  As part of that argument, Defendant maintains that Fed. R. Civ. P. 15(c) is not available to relate Plaintiff's proposed EPA claim back to the date of her original Complaint.  (*Id.* at 6-7.)  Finally, Defendant argues that, to the extent that her EPA claim is not barred by the statute of limitations, it is futile under a summary judgment standard.  (*Id.* at 8-13.)

### 1.     *Statute of Limitations and Fed. R. Civ. P. 15(c)*

"Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the [] court may deny leave to amend where amendment would be futile.  A proposed amendment is futile if the complaint, as amended would be subject to dismissal." *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Servs.,* 175 F.3d 848, 859 (10th Cir. 1999).  "Although a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Torrez v. Eley,* 378 F. App'x 770, 772 (10th Cir. 2010) (quoting *Aldrich v. McCulloch Props., Inc.,* 627 F.2d 1036, 1041 n.4 (10th Cir. 1980); *Dummar v. Lummis,* 542 F.3d 614, 619 (10th Cir. 2008).

"The Equal Pay Act is enforced pursuant to Section 6 of the Portal-to-Portal Act, 29 U.S.C. § 255(a)." *E.E.O.C. v. Cent. Kan. Med. Ctr.,* 705 F.2d 1270, 1274 (10th Cir. 1983) (citing 29 U.S.C. § 216(c)) *overruled on other grounds as acknowledged by E.E.O.C. v. Prudential Fed. Sav. & Loan Ass'n,* 763 F.2d 1166, 1175 n.6 (10th Cir. 1985).  Under the statute

of limitations found at § 255(a), "an employee may recover unpaid wages for up to three years before the filing of suit if the violation was willful but only for two years otherwise." *Sinclair v. Auto. Club of Okla., Inc.,* 733 F.2d 726, 729 (10th Cir. 1984) (citing *Cent. Kan. Med. Ctr.,* 705 F.2d at 1274).

Here, Plaintiff's proposed Amended Complaint alleges that since he was hired in 2005, Mr. Nader "was paid more than Plaintiff to perform the same work that [Plaintiff] performed." (*See* Doc. No. 37-1 ¶¶ 28-30 [Am. Compl.].)  Defendant maintains that even assuming that Defendant's alleged violation of the Equal Pay Act was willful, Plaintiff may not recover unpaid wages for any period prior to January 23, 2009—three years prior to when Plaintiff filed her Motion to Amend.  (*See* Resp. Mot. Am. at 6-8.)  As noted above, Defendant maintains Fed. R. Civ. P. 15(c) is not available to relate Plaintiff's proposed EPA claim back to the date of Plaintiff's original Complaint.  (*Id.* at 6-7.)

First, the court agrees with Defendant that Plaintiff's proposed Equal Pay Act claim does not relate back to the date of Plaintiff's original Complaint under Fed. R. Civ. P. 15(c).  Rule 15(c) provides in relevant part that an amendment relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  Here, Plaintiff's original Complaint does not allege facts relating to any pay disparity.

Under similar circumstances, courts have found that a Equal Pay Act claim does not relate back to the original complaint. *Compare Marshall v. Honeywell Tech Solutions, Inc.,* 536

6

F. Supp. 2d 59, 67 (D.D.C. 2008) (finding that claim under the Equal Pay Act did not relate back to the plaintiff's original complaint alleging an ADEA violation where the original complaint gave "no hint of any pay discrimination grievance and allege[d] no facts that would support a claim under the equal pay act."), *and Schutz v. W. Pub. Co.,* 609 F. Supp. 888, 905 (D.C. Ill. 1985) (finding that an amendment to add an Equal Pay Act claim did not relate back to the date of the original complaint because the amendment "introduced a new and different cause of action from that outlined in the original Title VII complaint" and "did not give defendant such notice of the Equal Pay Act action that defendant would not be prejudiced in maintaining its defense."), *with O'Donnell v. Vencor, Inc.,* 465 F.3d 1063, 1067 (9th Cir. 2006) (finding that an Equal Pay Act claim did relate back to the original pleading where the plaintiff originally alleged Title VII and ADEA claims that she was required to perform more task for less pay than male employees). Accordingly, the court finds that Plaintiff's proposed EPA claim does not relate back to her original Complaint, but instead is properly deemed filed as of January 23, 2012.  *See Moore v. State of Ind.,* 999 F.2d 1125, 1131 (7th Cir. 1993) ("As a party has no control over when a court renders its decision regarding the proposed amended complaint, the submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations even though technically the amended complaint will not be filed until the court rules on the motion.")

Although it is not entirely clear, at times Defendant appears to argue that its alleged actions were not willful, and that, consequently, Plaintiff's EPA claim is barred to the extent that it seeks to recover unpaid wages for any period prior to January 23, 2010—two years prior to

when Plaintiff's Motion to Amend was filed.  (*See, e.g.,* Resp. Mot. Am. at 7-8.)  However, the court finds that whether Defendant's alleged violation of the EPA was willful is a question of fact and that, consequently, the precise time-constraints of the statute of limitations are not properly determined at this juncture.  *See Allison v. United States,* 39 Fed. Cl. 471, 478 (1997); *Kennedy v. Va. Polytechnic Inst. & State Univ,* 781 F. Supp. 2d 297, 304-305 (W.D. Va. 2011). Nevertheless, the court finds that at a minimum, Plaintiff's proposed EPA claim is barred under § 255(a), and is therefore futile to the extent that it seeks to recover unpaid wages for any period prior to January 23, 2009.

### 2.    *Futility of EPA Claim to the Extent It Is Not Time-Barred*

Defendant further argues that, to the extent that Plaintiff's proposed EPA claim is not otherwise time-barred, Plaintiff's proposed EPA claim is futile because it would not survive a motion for summary judgment.  (*See* Mot. at 8-13.)

As a threshold matter, Plaintiff argues that the court "should not decide Plaintiff's Motion to Amend by ruling upon the merits at all."  (Reply Mot. Am. at 4.)  Plaintiff cites to this court's prior decisions, as well as other decisions from this district, for the position that futility arguments "'are more efficiently raised in the context of a dispositive motion, rather than indirectly under Rule 15(a).'"  (Reply at 4 (quoting *Toevs v. Reid,* No. 06-cv-01620, 2010 WL 918069, at *7 n.3 (D. Colo. Mar. 12, 2010)).  According to Plaintiff, this line of authority is particularly applicable, because "Defendant cannot show that they [sic] will be prejudiced by defending the amended complaint on its merits."  (*Id.* at 4-5 (citing *Stender v. Cardwell*, 07-cv-02503-WJM-MJW, 2012 WL 27632, at *3 (D. Colo. Apr. 1, 2011)).

8

The court disagrees with Plaintiff's position that Defendant will not be prejudiced if Plaintiff's proposed EPA claim is permitted even if it is futile.  First, although Defendant did not specifically argue that it would be prejudiced if Plaintiff's Motion to Amend is granted, the court finds that Defendant would certainly be prejudiced if forced to defend against a futile claim.  As compared to other cases where the moving party sought leave to amend its complaint at a relatively early juncture in the action, Plaintiff has moved to amend well after the deadline for amending the pleadings, just prior to the expiration of the discovery deadline, and just under a month prior to the dispositive motions deadline.  Moreover, if permitted, Plaintiff's proposed amendment will shift the subject matter and factual basis of this action.  *See Minter,* 451 F.3d at 1208 (Courts typically find undue prejudice "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues.")  Finally, the court notes that Plaintiff seeks to conduct additionally discovery to support her proposed EPA claim.  If it were obvious that Plaintiff's proposed EPA claim were futile, Defendant would clearly be prejudiced in having to shift its defense and conduct discovery as to a meritless claim.

To be clear, the court is not suggesting that Plaintiff's Motion to Amend should be denied as unduly prejudicial.  Rather, the court simply finds that it would be inappropriate to follow cases like *Stender* by deferring the question of the sufficiency of Plaintiff's proposed amendments to a later date.  Rather, in light of the fact that Defendant will have to expend additional time and resources at this relatively late juncture to defend against Plaintiff's proposed

EPA claim, it is incumbent upon the court to ensure that Plaintiff's proposed EPA claim is not futile and does not threaten to waste party and judicial resources.

Having resolved this preliminary issue, the court turns to the merits of Plaintiff's proposed EPA claim. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *Watson ex rel. Watson v. Beckel,* 242 F.3d 1237, 1239-40 (10th Cir. 2001).[3]

Here, Defendant argues that Plaintiff's proposed EPA claim is futile because Mr. Nader, whose salary Plaintiff points to in support of her proposed EPA claim, was not employed in the same position as Plaintiff in the 2008-2009 and 2009-2010 school years. (Resp. Mot. Am. at 8-13.) Relying on Mr. Nader's affidavit, Defendant points out that Mr. Nader was not only a Spanish language teacher, like Plaintiff, but also supervised Plaintiff as the Foreign Language Department Chair. (*Id.,* Ex. 2, Affidavit of Gustavo Nader, ¶¶ 2-3 [Nader Aff.].) Thus, Defendant maintains that Mr. Nader and Plaintiff were not performing equal work as required to

---

[3] Plaintiff disagrees that it is appropriate to address the futility of her proposed EPA claim under a summary judgment standard. To be sure, notwithstanding *Watson,* the Tenth Circuit has at other times indicated that "[t]he futility question is functionally equivalent to the question of whether a complaint may be dismissed for failure to state a claim." *Gohier v. Enright,* 186 F.3d 1216, 1218 (10th Cir. 1999). Other courts have attempted to resolve this seeming conflict by considering the stage of the litigation before deciding which standard to apply. *Street v. Curry Bd. of Cnty. Comm'rs,* No. Civ. 06-0776 JB/KBM, 2008 WL 2397671, at *13 (D.N.M. Jan. 30, 2008). Nevertheless, the court finds that it need not resolve this apparent conflict because, as discussed *infra,* even considering Defendant's argument that Plaintiff's proposed claim fails under a summary judgment standard, the court finds that Plaintiff's proposed EPA claim is not futile.

state a *prima facie* claim under the EPA.  (*Id.* at 8); *see also Mickelson v. N.Y. Life Ins. Co.,* 460 F.3d 1304, 1311 n.4 (10th Cir. 2006) (citation omitted) (Among other elements, a *prima facie* case of discrimination under the EPA, requires proof that "the plaintiff was performing work which was substantially equal to that of employees of the opposite sex taking into consideration the skills, duties, supervision, effort and responsibilities of the jobs.")  Notably, Defendant does not directly attack the allegations of Plaintiff's proposed EPA claim; rather, it introduces extrinsic evidence in an attempt to undermine Plaintiff's allegations that Plaintiff and Mr. Nader were performing substantially equal work.

The court agrees with Plaintiff that Defendant's argument that Plaintiff and Mr. Nader performed substantially different work because Mr. Nader was the Foreign Language Department Chair is a red herring.  (*See* Reply Mot. Am. at 11.)  More specifically, upon a comparison of Plaintiff's and Mr. Nader's employment contracts for the 2008-2009 and 2009-2010 school years, Mr. Nader's employment contracts explicitly differentiate the compensation he received for his position as a full-time Spanish teacher from the compensation he received as a department head.  (*Compare id.,* Exs. B & D *with id.*, Exs. C & E.)  Indeed, in his affidavit, Mr. Nader admits that he received an additional stipend *over and above* his salary as a Spanish language teacher.  (Nader Aff. ¶ 4.)

After setting aside the stipend that Mr. Nader received for his position as a department head, there is still a significant pay discrepancy between the compensation that Plaintiff and Mr. Nader received *as full-time Spanish Teachers.*  (*Compare* Reply Mot. Am., Exs. B & D *with id.*, Exs. C & E.) And otherwise, Plaintiff's and Mr. Nader's employment contracts outline identical

terms, benefits, and duties.  (*See id.*)  Thus, Defendant's attempt to establish that Mr. Nader was performing substantially different work due to his position as a department head is undermined by the fact that his compensation for these duties was separate and apart from his compensation for being a Spanish teacher.

Defendant also attempts to discredit Plaintiff's *prima facie* case by pointing out that Mr. Nader taught Spanish III, Spanish IV, and AP Spanish, whereas Plaintiff taught Spanish I and Spanish II.  (Resp. Mot. Am. at 11.)  However, in arguing that teaching higher levels of Spanish requires a higher degree of skill, experience, and ability than the lower level courses taught by Plaintiff, Defendant relies entirely on a single, conclusory averment contained in Mr. Nader's affidavit.  (Nader Aff. ¶ 12.)  This is insufficient to demonstrate that Defendant is entitled to summary judgment.  *Fitzgerald v. Collection Corp. of Am.,* 403 F.3d 1134, 1143 (10th Cir. 2005) (conclusory statements in an affidavit have no probative value and therefore cannot support summary judgment).

Finally, Defendant provides no factual support for its position that Mr. Nader "was required to spend much more time each week preparing for his courses than Plaintiff was." (Resp. at 11.)  Rather, Defendant merely points to Mr. Nader's statement in his affidavit as to the amount of time he required to prepare for classes and make an unwarranted inferential leap in concluding that this amount of time was much greater than the amount of time that Plaintiff

spent in preparing for her classes.[4]  Accordingly, this likewise fails to establish that Mr. Nader performed work substantially different from Plaintiff.

Altogether, the court finds that Defendant has failed to establish that there is no genuine dispute of material fact that Mr. Nader performed substantially different work from Plaintiff. Rather, it is readily apparent that significant factual disputes remain to be resolved via discovery, if not at trial.  Accordingly, aside from demonstrating that Plaintiff's proposed EPA claim is time-barred to the extent that it arises out of factual circumstances that occurred prior to January 23, 2009, the court finds that Defendant has failed to demonstrate that Plaintiff's proposed EPA claim is futile on its merits.  Therefore, the court grants Plaintiff's Motion to Amend in part to the extent that it seeks to assert an EPA claim based on unpaid wages for the period beginning on January 23, 2009.

## II.     *MOTION TO MODIFY SCHEDULING ORDER*

Having determined that Plaintiff's Motion to Amend is properly granted in part to the extent her claim is not time-barred, the court finds that Plaintiff has demonstrated good cause to modify the discovery deadline and related dates outlined in the Scheduling Order.  Again, as discussed *supra*, the court finds that Plaintiff has demonstrated good cause for amending the Scheduling Order because she did not discover the facts giving rise to her proposed EPA claim until January 20, 2012.  *Pumpco, Inc.,* 204 F.R.D. at 668-69.  Accordingly, the discovery deadline is extended by two months from the date of this order to April 27, 2012.

---

[4] Indeed, the court notes that during the 2008-2009 and 2009-2010 school years, Plaintiff taught five Spanish language courses, whereas Mr. Nader taught only four sections of Spanish.

13

Concomitantly, the dispositive motions deadline is extended to May 27, 2012. Additionally, Plaintiff may designate expert witnesses to testify to the issue of "equal work" and "equal skill, effort, and responsibility" no later than March 27, 2012 and Defendant may designate a rebuttal expert witness no later than April 27, 2012. Finally, the Final Pretrial Conference set for April 24, 2012 is vacated and reset to July 30, 2012.

Wherefore, for the foregoing reasons it is

ORDERED that Plaintiff's "Motion to Amend Complaint (Doc. No. 37) is GRANTED IN PART to the extent that it seeks to assert an Equal Pay Act claim for unpaid wages from January 23, 2009 to the present. The clerk of court shall file Plaintiff's Amended Complaint (Doc. No. 37-1) as Restricted Access – Level One. No later than March 12, 2012, either party may file a motion to restrict access to retain Plaintiff's Amended Complaint under restriction.

It is further

ORDERED that Plaintiff's "Motion to Modify Scheduling Order for Good Cause" (Doc. No. 38) is GRANTED. The discovery deadline is extended to April 27, 2012. The dispositive motions deadline is extended to May 27, 2012. Plaintiff may designate expert witnesses to testify to the issue of "equal work" and "equal skill, effort, and responsibility" no later than

March 27, 2012, and Defendant may designate a rebuttal expert witness as to these issues no

later than April 27, 2012.  The Final Pretrial Conference set for April 24, 2012 is VACATED

and RESET to July 30, 2012 at 9:30 a.m.

Dated this 27th day of February, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge