IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01360–WYD–KMT

MARY ZINN-HOSHIJO,

    Plaintiff,

v.

COMMITTEE FOR CATHOLIC SECONDARY EDUCATION IN COLORADO SPRINGS, a Colorado nonprofit corporation d/b/a ST. MARY'S HIGH SCHOOL,

    Defendant.

## ORDER

This matter is before the court on "Defendant's Motion Seeking Determination as to Confidentiality of Gustavo Nader's Deposition Testimony." (Doc. No. 71, Mar. 1, 2012 [Mot.].)[1]  Plaintiff filed her Response on March 8, 2012 (Doc. No. 74, filed Mar. 8, 2012 [Resp.]) and Defendant filed its Reply on March 22, 2012 (Doc. No. 78 [Reply]).

In its Motion, Defendant seeks a court order finding that certain portions of Gustavo Nader's deposition testimony are appropriately treated as confidential under the Protective Order entered in this case on December 16, 2011. (Doc. No. 27 [Protective Order].) More specifically, Defendant designated pages 67:25 through 68:24 of Mr. Nader's deposition as confidential

---

[1] Doc. No. 71 is the public entry for Defendant's Motion, which was filed under restriction at Doc. No. 70.

because they relate to the capabilities, status, and, most importantly, the termination of a former employee of Defendant.  (*See* Mot. Ex. A.)  For purposes of this Order, the former employee will be referred to as Ms. X.   Ms. X is not a party to this action and, in fact, was not employed by Defendant at the time of the events central to the Complaint.

Pursuant to Fed. R. Civ. P. 26(c), a protective order may be put in place "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  As noted above, a Protective Order has been entered in this case.  It defines "Confidential Information" as

> any information, documents, testimony, or other discovery material that contains, reflects, or reveals information that the designating Party believes in good faith is confidential, proprietary, commercially valuable, competitively sensitive or otherwise entitled to protection under Fed. R. Civ. P. 26(c)[(1)] . . . .  Such confidential information may include, but is not limited to, medical records, non-public business information, personnel information, financial statements, or technical information.

(Protective Order ¶ 1.)

"Regardless of the terms of the Protective Order, the party seeking the confidentiality designation must provide good cause to shield the document from public view."  *Fourhorn v. City and Cnty. of Denver,* 261 F.R.D. 564, 568 (D. Colo. 2009) (citing *Exum v. U.S. Olympic Comm.,* 209 F.R.D. 201, 206 (D. Colo. 2002))  Under the circumstances presented here, the primary consideration is the harm that may result from public access to Mr. Nader's deposition testimony.  *Id.*  In considering the potential harm for public access, the court "addresses whether privacy interests are at play and whether the case involves an important public interest."  *Id.*  As part of this analysis, the court balances "whether the public's right of access is outweighed by

privacy interests." *Id.* The court notes that, generally, the presumption favors public access. *Simpson v. Univ. of Colo.,* 220 F.R.D. 354, 356 (D. Colo. 2004).

Defendant maintains that the portions of Mr. Nader's deposition testimony in question must be treated as confidential because they are analogous to personnel records, which are commonly found to be confidential. (*See* Mot. at 5.) The court agrees.

The Tenth Circuit has recognized that "personnel files often contain sensitive personal information . . . and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly." *Regan-Touhy v. Walgreens Co.,* 526 F.3d 641, 648 (10th Cir. 2008). Here, the substance of Mr. Nader's testimony relating to the termination of Ms. X's employment with Defendant is akin to information ordinarily contained in a personnel file. *Cf. id.* (finding that the district court did not abuse its discretion in denying a motion to compel disclosure of an employee's personnel file where the personnel file might include the employee's disciplinary history). Therefore, the court finds that Ms. X has an valid privacy concern in avoiding public disclosure of the information relating to her departure from Defendant's employ. This privacy interest is particularly acute here, as Ms. X is not a party to this litigation nor was she involved in the events central to Plaintiff's Complaint. Indeed, although Ms. X may be called by Plaintiff as a witness at trial, the parties do not dispute that Mr. Nader's testimony is not directly relevant to Plaintiff's claims. Rather, at most, the substance of Mr. Nader's testimony may be used to impeach Ms. X's trial testimony. Finally, because Defendant is a small private high school, the court finds that there is no significant public interest at stake, as might be the case if Defendant were a public school or entity. Accordingly, the court finds that, on balance, the portions of Mr.

Nader's deposition testimony in question are properly treated as confidential pursuant to the Protective Order entered in this case and Fed. R. Civ. P. 26(c)(1).

Plaintiff does not object to maintaining the confidentiality of Mr. Nader's testimony as to third parties *other than Ms. X*.  (Resp. at 2.)  However, Plaintiff objects to designating this testimony as confidential to the extent that it would prevent her from discussing Mr. Nader's testimony about Ms X's termination with Ms. X herself.  (*Id.* at 4.)  Plaintiff maintains that such a prohibition would interfere with her right to prepare her case for trial, which includes a right to interview non-party witnesses.  (*Id.* at 2-4.)

Plaintiff's concerns are not without merit.  The court finds that, as presently fashioned, the Protective Order might well bar Plaintiff's counsel from discussing Mr. Nader's testimony regarding Ms. X's termination with Ms. X.  (*See* Protective Order ¶ 3(f)) ("Confidential Information" may be "disclosed only to the following persons: . . . Anticipated witnesses at depositions or trial *who were involved in creating* the Confidential Information . . . .") (emphasis added).  However, the court finds that Plaintiff's concerns can be avoided by a crafting a simple exception to the Protective Order with respect to Mr. Nader's confidential testimony. Specifically, the court finds that Plaintiff's right to prepare her case for trial will not be encumbered if an exception to the Protective Order is ordered to permit Plaintiff to disclose the confidential portions of Mr. Nader's testimony to Ms. X as necessary to interview Ms. X and evaluate her potential trial testimony.  This exception is expressly limited to the circumstances

presented in this Order.

Therefore, it is

ORDERED that "Defendant's Motion Seeking Determination as to Confidentiality of Gustavo Nader's Deposition Testimony" (Doc. No. 71) is GRANTED in part.  Pages 67:25 – 68:24 of the Deposition of Gustavo Nader shall hereafter be treated as "Confidential Information" pursuant to the Protective Order entered on December 16, 2011.  However, the court also ORDERS that an exception to the Protective Order will be allowed to permit Plaintiff to disclose pages 67:25 – 68:24 of Mr. Nader's testimony to Ms. X for the limited purpose of interviewing Ms. X and evaluating her potential trial testimony.

Dated this 2nd day of May, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge