IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-01360-WYD-KMT

MARY ZINN-HOSHIJO,

      Plaintiff,

v.

COMMITTEE FOR CATHOLIC SECONDARY EDUCATION IN COLORADO SPRINGS,
a Colorado nonprofit corporation d/b/a ST. MARY'S HIGH SCHOOL,

      Defendant.

---

## ORDER ADOPTING AND AFFIRMING
## MAGISTRATE JUDGE'S ORDER

---

This matter is before the Court on Defendant's Rule 72 Objection, filed March 12, 2012 [ECF No. 75], to an Order entered by Magistrate Judge Tafoya as it relates to Plaintiff's Motion to Amend Complaint, filed January 23, 2012 [ECF No. 37].  The matter was referred to Magistrate Judge Tafoya and she issued an Order on February 27, 2012 [ECF No. 67], which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), D.C.COLO.LCivR. 72.1(C)(1).  The Order, which Defendant now appeals in part, states that "Plaintiff's Motion to Amend Complaint is GRANTED IN PART to the extent that it seeks to assert an Equal Pay Act claim for unpaid wages from January 23, 2009, to the present."

Defendant filed a timely Objection, which would necessitate a *de novo* determination as to those specified proposed findings or recommendations to which

-1-

objection is made if the nature of the matter were dispositive.  Fed. R. Civ. P. 72(b); 28

U.S.C. § 636(b)(1).  Generally, Magistrate Judge rulings on motions to amend are

considered non-dispositive orders and are reviewed to determine only whether they are

"clearly erroneous or contrary to law."  *Cuenca v. Univ. of Kansas*, 205 F.Supp.2d 1226,

1228 (D. Kan. 2002); Fed. R. Civ. P. 72(a).  While courts in this District are split on the

issue, I find that the instant motion is dispositive because denial of Plaintiff's motion

would remove her Equal Pay Act claim from the case.  *See Cuenca*, 205 F.Supp.2d at

1228 ("When the magistrate judge's order denying a motion to amend . . . effectively

removes a defense or claim from the case, it may well be a dispositive ruling that the

district court should review *de novo*.); *see also Perea v. Hunter Douglas Window*

*Fashions, Inc.*, 2008 WL 511409 at *2 (D. Colo., Feb. 22, 2008) (citing cases that have

held both ways with regard to review of denial of motions to amend complaint on futility

grounds).  Therefore, I will conduct *de novo* review.

        Plaintiff is employed by Defendant as a Spanish language teacher.  During the

course of discovery in this case, Defendant produced the personnel file of Gustavo

Nader, a male Spanish language teacher also employed by Defendant.  Based on

information in Mr. Gustavo's file, Plaintiff now seeks to amend her Complaint to add a

claim under the Equal Pay Act ("EPA").  Plaintiff contends that Mr. Nadar has been paid

substantially more than Plaintiff to perform the same job duties, despite the fact that he

has less seniority and less experience as a teacher than Plaintiff.  In order to establish a

prima facie case of discrimination under the EPA, she must prove that she was

performing work with was substantially equal to that of employees of the opposite sex,

taking into consideration the skills, duties, supervision, effort, and responsibilities of the jobs. *Mickelson v. New York Life Ins. Co.*, 460 F.3d 1304, 1311 (10th Cir. 2006).

Pursuant to Fed. R. Civ. P. 15(a), a court should allow a party to amend its pleadings "when justice so requires." Such a grant of leave is within the discretion of the trial court. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Refusal to grant leave to amend is justified by reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Minter*, 451 F.3d at 1204 (quoting *Foman v. Davis*, 371 U.S. 178, 227 (1962)). Here, Defendant objects to Magistrate Judge Tafoya's conclusion that Plaintiff's proposed Equal Pay Act claim is not futile.

The Tenth Circuit has stated that "[t]he futility question is functionally equivalent to the question of whether a complaint may be dismissed for failure to state a claim." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999). However, in *Watson v. Beckel*, the Tenth Circuit reasoned that "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *Watson*, 242 F.3d 1237, 1239-40 (10th Cir. 2001). In this case, Defendant does not challenge the sufficiency of Plaintiff's EPA claim as pled, but rather it asserts that the claim is futile because Plaintiff cannot establish that her job and Mr. Nadar's job are "substantially equal in terms of skill, effort, responsibility and working conditions." *Sprague v. Thorn Americas, Inc.*, 129 F.3d

-3-

1355, 1364 (10th Cir. 1997) (internal citation omitted).  In support, Defendant has submitted an affidavit of Mr. Nader.  Upon review of *Watson*, and the cases cited therein, I find that it is appropriate for me to consider Plaintiff's proposed amendment together with Mr. Nader's affidavit in determining whether the amendment is futile.  *See Bauchman for Bauchman v. West High School*, 132 F.3d 542, 561 (10th Cir. 1997).

In its Objection, Defendant asserts that Plaintiff cannot establish that she and Mr. Nader performed equal work because Mr. Nader is Foreign Department Language Chair and has numerous administrative duties that are not required of Plaintiff, and because he taught more Spanish language subjects than Plaintiff.

As to Defendant's assertion that Mr. Nader is an improper comparator to Plaintiff because of his additional administrative duties, I agree with Magistrate Judge Tafoya that this argument is undermined by the fact that Mr. Nader is separately compensated for his those duties.  I addition, I am not persuaded by the reasoning in *Fenrick v. Wichita State University*, 1988 WL 131641 (D. Kan. 1988), an non-binding, unpublished case relied upon by Defendant.  The *Fenrick* case involved allegations of unequal pay by a university professor.  In that case the district court found that the plaintiff, a mathematics professor with a Ph.D, could not compare her salary with another mathematics professor who was also assistant chairman of the department, because that professor had administrative responsibilities that exceeded the plaintiff's, *and* because that professor held only a master's degree.  *Fenrick*, 1988 WL 131641 at *4.  Thus, the facts in the *Fenrick* case are not directly on point.  In this case I cannot say that the fact that Mr. Nader has some administrative duties, for which he is separately

-4-

compensated, is enough to render Plaintiff's EPA claim subject to dismissal where
Plaintiff's claim is based on a comparison between her salary as a full-time Spanish
Teacher and Mr. Nader's salary as a full-time Spanish Teacher.

However, Defendant also contends that Mr. Nader taught more Spanish subjects
than Plaintiff, requiring more preparation time, effort and responsibility than Plaintiff.
According Mr. Nader's affidavit, during the 2008-2009 school year, Plaintiff taught two
sections of Spanish I and three sections of Spanish II, for a total of five classes and two
different subjects; while Mr. Nader taught one section of AP Spanish (for which
additional certification is required), one section of Spanish IV, and three sections of
Spanish III, for a total of five classes and three different subjects.  Similarly, during the
2009-2010 school year, Plaintiff again taught two sections of Spanish I and three
sections of Spanish II, for a total of five classes, while Mr. Nader taught one section of
AP Spanish, one section of Spanish IV, two sections of Spanish III, and one Section of
Spanish II, for a total of five classes and four different subjects.  Defendant further notes
that Mr. Nader states it took him on average approximately five hours per week to
prepare for each class.

Even assuming these allegations are true I cannot, at this stage of the litigation,
find that Plaintiff's EPA claim is subject to dismissal as a matter of law.  Mr. Nader's
averments concerning the amount of time he spends preparing for each class does not
conclusively establish that his job responsibilities required greater skill or effort than
Plaintiff's job responsibilities.  As Magistrate Judge Tafoya noted in her Order, there is a
significant pay discrepancy between the compensation that Plaintiff and Mr. Nader

received as full-time Spanish Teachers, despite the fact that their employment contracts outline identical terms, benefits, and duties.  Based on a review of the materials in the record I do not find that Plaintiff's proposed amendment to her Complaint would be futile.

For the reasons outlined above, the Order of the United States Magistrate Judge, dated February 27, 2012 [ECF No. 67], is **AFFIRMED and ADOPTED**.  Accordingly, it is

ORDERED that Plaintiff's Motion to Amend Complaint, filed January 23, 2012 [ECF No. 37] is **GRANTED IN PART** to the extent that it seeks to assert an Equal Pay Act claim for unpaid wages from January 23, 2009, to the present.

Dated:  May 7, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge